**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

VICTORIA DIANE GARRETT,                                                                           PLAINTIFF
ADC #708139

v.                                             NO. 1:13CV00110 JLH/JTR

GUY, Deputy Warden, McPherson Unit,
Arkansas Department of Correction, *et al.*                                                    DEFENDANTS

**OPINION AND ORDER**

Victoria Diane Garrett is a prisoner in the McPherson Unit of the Arkansas Department of Correction. She has filed a *pro se* section 1983 substituted complaint and an amended substituted complaint alleging that defendants violated her constitutional rights. Documents #8 and #10.

**I. Screening**

The Prison Litigation Reform Act requires federal courts to screen complaints filed by prisoners. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. When making this determination, the factual allegations contained in the complaint must be accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678; 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). Additionally, a *pro se* complaint must be liberally construed, however inartfully pleaded, and held to less stringent standards than pleadings drafted by lawyers. *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

**II. Discussion**

Garrett alleges that Major Linda Dixon, Sargent Timothy Goza, and Sargent Michael Harmon violated her due process rights by falsely charging her with disciplinary infractions that resulted in her

being placed in punitive isolation for thirty days at a time, a reduction in class, and the loss of good time credits. A prisoner may maintain a due process challenge to a disciplinary proceeding only if she is deemed to have a liberty interest at stake. *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300, 132 L.Ed. 2d 418 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). Garrett did not have a liberty interest arising from being placed in punitive isolation for thirty days at a time or the reduction of her classification level. *Sandin*, 515 U.S. at 482-86, 115 S. Ct. at 2301; *Moody v. Daggett*, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 279 n.9, 50 L. Ed. 2d 236 (1976); *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994). Garrett may have had a liberty interest in a shortened prison sentence resulting from good time credits. However, she can only pursue the restoration of those good time credits in a federal habeas action, after she has exhausted all of her available remedies in state court. 28 U.S.C. § 2254; *Edwards v. Balisok,* 520 U.S. 641, 643-44, 117 S.Ct. 1584, 137 L.Ed. 2d 906 (1997); *Portley-El*, 288 F.3d at 1066-67. Similarly, she cannot obtain damages for the loss of any wrongfully taken good time credits until she has had her disciplinary conviction reversed by the highest state court or in a federal habeas action. *Id.* Because Garrett has failed to state plausible § 1983 claims against Dixon, Goza, and Harmon, they are dismissed from this action without prejudice.

Garrett also alleges that Corporal Ponchilla Noles violated her due process rights by falsely charging her with a disciplinary infraction that resulted in her being required to wear a spit mask for twelve months. It is unclear whether being forced to wear a spit mask for that duration of time is an "atypical and significant hardship" under *Sandin* and its progeny. *Sandin*, 515 U.S. at 482-86. Thus, Garrett will be allowed, at this time, to proceed with her due process claim against Noles.

Finally, Garrett has stated a plausible claim that Warden Weekly, Deputy Warden Faust, and

Deputy Warden Guy violated her due process rights by failing to conduct meaningful reviews of her continuous confinement in punitive isolation for more than a year and a half. *See William v. Norris*, Case No. 06-3595, 2008 WL 2003319 (8th Cir. May 12, 2008) (unpublished opinion). Thus, they will be served.

### III.  Conclusion

IT IS THEREFORE ORDERED THAT:

1. Garrett may proceed with her due process claims against Guy, Faust, Weekly, and Noles.

2. All other claims and defendants are dismissed without prejudice.

3. The Clerk is directed to prepare a summons for Guy, Faust, Weekly, and Noles. The U.S. Marshal is directed to serve the summons, substituted complaint, and amended substituted complaint on each of them through the ADC Compliance Office without prepayment of fees and costs or security therefor. If any of the defendants are no longer ADC employees, the ADC Compliance office must file the unserved defendants' mailing address under seal.

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

Dated this 13th day of March, 2013.

*J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE