**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

| | |
|---|---|
| VICTORIA DIANE GARRETT, ADC #708139 | PLAINTIFF |
| v.   NO. 1:13CV00110 JLH/JTR | |
| RICHARD GUY, Deputy Warden, McPherson Unit, ADC, *et al.* | DEFENDANTS |

**OPINION AND ORDER**

Victoria Diane Garrett is a prisoner in the McPherson Unit of the Arkansas Department of Correction ("ADC"). She has filed this *pro se* § 1983 action alleging that defendants violated her constitutional right to due process of law. Documents #8 and # 10. Defendants have filed a motion for summary judgment on the issue of exhaustion, and Garrett has responded. Documents #19, #20, #22, and #23. For the following reasons, the motion for summary judgment is granted, and this case is dismissed without prejudice.

**I. Summary Judgment Standard**

A court should enter summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). The moving party bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party meets this burden, the nonmoving party must respond by coming forward with specific facts establishing a genuine dispute for trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). In deciding a motion for summary judgment, a court views the evidence in the light most favorable to

the nonmoving party and draws all reasonable inferences in that party's favor. *PHL Variable Ins. Co. v. Fulbright McNeill, Inc.*, 519 F.3d 825, 828 (8th Cir. 2008). A genuine dispute exists only if the evidence is sufficient to allow a jury to return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 249, 106 S. Ct. at 2511. When a nonmoving party cannot make an adequate showing sufficient to establish a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp.,* 477 U.S. at 322-23, 106 S. Ct. at 2552.

## II. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock,* 549 U.S. 199, 219, 127 S. Ct. 910, 923, 166 L. Ed. 2d 798 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89-91, 126 S. Ct. 2378, 2385-86, 165 L. Ed. 2d 368 (2006).

The PLRA requires inmates to exhaust their administrative remedies fully and properly as to each claim in the complaint, and to complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). The Supreme Court has emphasized that: "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to

claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218, 127 S. Ct. at 923; *see also Woodford*, 548 U.S. at 90, 126 S. Ct. at 2385 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits"). Thus, to satisfy the PLRA, a prisoner must fully comply with the specific procedural requirements of the incarcerating facility. *Id.*

**A.    Due Process Claim Against Weekly, Faust, and Guy**

Garrett alleges that Warden Weekly, Deputy Warden Faust, and Deputy Warden Guy violated her due process rights by failing to conduct meaningful reviews of her continuous confinement in punitive isolation for more than a year and a half. Documents #8 & #10. To exhaust her administrative remedies within the ADC about that due process claim fully and properly, Garrett was required to file: (1) an informal resolution with the designated problem solver; (2) a grievance with the Warden if attempts at informal resolution are unsuccessful; and (3) an appeal of the denial of the grievance to the ADC Deputy/Assistant Director. Document #20-A (ADC Adm. Dir. 12-06 § IV(E) through (G) (May 28, 2012)). Importantly, the ADC's exhaustion policy advises prisoners that their federal lawsuit may be dismissed if they fail to properly comply with those requirements. *Id.*

Garrett did not file *any* informal resolutions or grievances alleging that she was not receiving meaningful reviews of her continuous confinement in punitive isolation. Documents #20-B and #24. Thus, her due process claim against Weekly, Faust, and Guy is dismissed without prejudice. *See Jones,* 549 U.S. at 211, 127 S. Ct. at 918-19 (emphasizing that: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

B.     **Due Process Claim Against Noles**

Garrett alleges that Corporal Noles violated her due process rights by issuing false disciplinary charges against her. Documents #8, #10, and #24.  To exhaust that due process claim within the ADC, Garrett was required to: (1) attend the disciplinary hearing; (2) appeal the Disciplinary Hearing Officer's verdict to the Warden; (3) appeal the Warden's ruling to the Disciplinary Hearing Administrator; and (4) appeal the Disciplinary Hearing Administrator's ruling to the ADC Director.  Documents #20-C and #24.

On February 12, 2013, Noles issued a major disciplinary accusing Garrett of threatening to spit on an officer, failing to obey orders, and creating unnecessary noise.  Documents #10, #20-D, and #24.  Garrett *voluntarily* waived her right to attend the February 26, 2013 hearing on those charges.  *Id.*  The Disciplinary Hearing Officer found Garrett guilty of all the charges, and she was subsequently ordered to wear a spit mask for twelve months.  Document #24.  It is *undisputed* that Garrett did *not* appeal the verdict to the Warden, Disciplinary Hearing Administrator, or ADC Director.  Documents #20 and #24.

Garrett explains that she could not appeal the verdict because she waived her right to attend the hearing.  As previously explained, a prisoner must comply with *all* steps of the incarcerating facility's administrative review process.  *Woodford*, 548 U.S. at 90; 126 S. Ct. at 2385 (emphasis added).  By refusing to attend her disciplinary hearing or file any subsequent appeals of the verdict, Garrett deprived ADC officials of the opportunity to investigate and resolve the due process claim she is now raising against Noles in this § 1983 action.  Thus, Garrett's due process claim against Noles is dismissed without prejudice.  *See Mills v. White*, Case No. 08-3511, 2010 WL 395309 (8th

Cir. Feb. 5, 2010) (unpublished opinion) (applying the exhaustion requirement to an ADC prisoner's challenge to a false disciplinary).

### III. Conclusion

For the forgoing reasons, defendants' motion for summary judgment is granted, and this case is dismissed without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith. Document #19.

IT IS SO ORDERED this 16th day of September, 2014.

  
_____  
J. LEON HOLMES  
UNITED STATES DISTRICT JUDGE